## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2084CV01365

JAMES BRITO-WHITE , PLAINTIFF(S),

v.

MASSACHUSETTS BAY TRANSPORTATION
AUTHORITY, ET AL , DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO Massacheisetts Bay Transportation Authority . (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior  Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Superior  Court, 3 Pemberton Sq. Boston MA 02108 (address), by mail or in person, **AND**

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Law offices of Howard kahalas, 6 Beacon St. Ste. 1020 Boston, MA 02108

3. **What to include in your response.** An "Answer" is one type of response to a Complaint.  Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A true copy Attest: Deputy Sheriff Suffolk County

COPY

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2084CV1365 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**PLAINTIFF(S):** James R. Brito-White

**ADDRESS:** 32 Auburn Court

Malden, MA 02148

**COUNTY** Suffolk

**DEFENDANT(S):** Massachusetts Bay Transportation Authority

William, Fisher, Samuel Abany

**ATTORNEY:** Richard M. Welsh, Jr.

**ADDRESS:** Law Offices of Howard M. Kahalas

6 Beacon Street

Boston, MA 02108

**BBO:** 552732

Nancy Hanley and Lawrence Mittica

**ADDRESS:** 10 Park Plaza, Suite 5610

Boston, MA 02116

RECEIVED
JUN 2 9 2020
SUPERIOR COURT-CIVIL
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AB1 | Civil Rights Violation - Excessive Force | A | ☒ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?
☐ YES   ☒ NO

Is this a class action under Mass. R. Civ. P. 23?
☐ YES   ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................ $0.00
2. Total doctor expenses ................................................................ $4,000.00
3. Total chiropractic expenses ......................................................... $0.00
4. Total physical therapy expenses .................................................. $0.00
5. Total other expenses (describe below) ......................................... $0.00

Medication and MRI/CAT Scan                                           Subtotal (A): $4,000.00

B. Documented lost wages and compensation to date ........................... $147,000.00
C. Documented property damages to date ........................................... $0.00
D. Reasonably anticipated future medical and hospital expenses ............ $0.00
E. Reasonably anticipated lost wages ............................................... $0.00
F. Other documented items of damages (describe below) ...................... $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Blunt force trauma to facial area, emotional distress

TOTAL (A-F): $151,000.00

### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $

**Signature of Attorney/ Unrepresented Plaintiff: X** *Richard*    **Date:** Jun 29, 2020

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** *Richard*    **Date:** Jun 29, 2020



COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUFFOLK SUPERIOR COURT
Civil Action No.:    20 84cv 1365

JAMES R. BRITO-WHITE,
Plaintiff

)
)
)
)

v.

)
)

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY
WILLIAM FISHER, SAMUEL ABANY,
NANCY HANLEY AND LAWRENCE MITTICA
Defendants

)
)
)
)
)

RECEIVED

JUN 29 2020

SUPERIOR COURT-CIVIL
MICHAEL JOSEPH DONOVAN
CLERK MAGISTRATE

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, James R. Brito-White, is an individual residing at 32 Auburn Court, Malden, Middlesex County, Massachusetts.

2. The Massachusetts Bay Transportation Association, (hereinafter "MBTA") is a body politic and corporate and a political subdivision of the Commonwealth of Massachusetts with a principal place of business at 10 Park Plaza, Suite 5610, Boston, Suffolk County, Massachusetts.

3. Defendant, William Fisher, was at all times material to this complaint a Transit Police officer for the MBTA.

4. Defendant, Samuel Abany, was at all times material to this complaint a Transit Police officer for the MBTA.

5. Defendant, Nancy Hanley, was at all times material to this complaint a Transit Police officer for the MBTA.

6. Defendant, Lawrence Mittica, was at all times material to this complaint a Transit Police officer for the MBTA.

7. Each individual defendant is sued in his or her individual capacity.

### FACTS

8. Each preceding paragraph is incorporated in this section as if fully set for herein.

9.    At all pertinent times Fisher, Abany, Hanley and Mittica acted and/or failed to act as set forth herein under the color of law, including but not limited to the authority, statutes, common law, and regulations of the Commonwealth and the policies, rules, regulations and usage of the MBTA Transit Police.

10.   At all pertinent times Fisher, Abany, Hanley and Mittica were employed by the MBTA as Transit Police Officers.

11.   On March 30, 2017, at approximately 3:00 p.m., Plaintiff was entering the Malden Center MBTA station.

12.   At said time and place, Plaintiff used his MBTA pass to pay the appropriate fare and entered the station through the fare machines.

13.   As Plaintiff walked through the fare machines into the paid portion of the station, he was met by Fisher.  Fisher was not wearing an MBTA Transit Police uniform, did not display a badge and did not identify himself as a police officer.

14.   Fisher falsely accused Plaintiff of evading the MBTA fare.

15.   Fisher grabbed Plaintiff's MBTA fare pass and proceeded to walk through the fare machines into the unpaid portion of the station.

16.   Not knowing that Fisher was a police officer and believing that Fisher was stealing his MBTA fare pass, Plaintiff followed Fisher to the fare machines.

17.   As Plaintiff attempted to follow Fisher through the fare machines, Fisher turned and grabbed Plaintiff under his arms.

18.   Still not knowing Fisher was a police officer and now in fear for his own safety, Plaintiff pushed Fisher's hands away.

19.   Fisher immediately began throwing punches at Plaintiff and striking Plaintiff in the head and body.

20.   At this point Abany, Hanley and Mittica physically assaulted Plaintiff while Fisher continued to punch and knee Plaintiff about his body.

21.   The four officers forced Plaintiff to the ground

22.   While on the ground, Mittica delivered a burst of Oleoresin Capsicum spray into Plaintiff's face.

23.   Plaintiff was employed by the Malden Public Schools as a Registered Behavior Technician, football coach and basketball coach.

2

24. At the time of the assault on Plaintiff, at least two students from Malden Public Schools were present and yelling at the police that Plaintiff was their teacher and for the police to stop beating him.

25. The students were directed by the officers to be quiet or they would be arrested.

26. To explain Plaintiff's injuries and justify his use of force, Fisher falsely stated in a report that Plaintiff initiated the physical assault by attempting to strike Fisher in the face with a closed fist strike.

27. Fisher admitted in a police report that he struck Plaintiff multiple times with both fists to Plaintiff's face and with a knee into Plaintiff's side but misrepresented the fact that Plaintiff was fully within the grasp of Abany, Hanley and Mittica at the time and unable to defend himself.

28. There was no legal justification for the officers' actions, and in his report, Fisher lied and/or omitted facts about Plaintiff's conduct or how he was injured.

29. Plaintiff was evaluated at the scene by ambulance personnel but was denied the opportunity to be transported to the hospital for further treatment.

30. Plaintiff was transported to MBTA Transit Police Headquarters for booking.

31. Plaintiff was maliciously charged with and prosecuted for assault and battery on police officers, resisting arrest and fare evasion.

32. There was no legal justification for the criminal charges brought against him.

33. As a result of these false charges, Plaintiff was relieved of his positions with the Malden Public School.

34. The blows delivered by Fisher, Abany, Hanley and Mittica caused Plaintiff blunt trauma and pain in various parts of his body.

35. The use of force Fisher, Abany, Hanley and Mittica utilized was intended to cause Plaintiff to suffer pain, humiliation, degradation and caused a high risk of serious injury.

36. No reasonable officer would have manhandled, tackled, kneed or struck Plaintiff under the circumstances and doing so served no legitimate purpose.

37. Defendants conduct grossly deviated from acceptable standards of police conduct and from the Transit Police general orders governing the use of force, and from standards of reasonable care.

38.  In addition to his physical injuries, and pain and suffering as described above, Plaintiff lost his jobs with the Malden School Department and suffered emotional injuries, some which continue to this day.

39.  The MBTA Transit Police failed to investigate and discipline any of the officers that encountered Plaintiff.

40.  Prior to this incident and continuing the MBTA Transit Police had a policy, usage and custom of not investigating complaints of police misconduct and in particular those that involved excessive force and by failing to respond with appropriate training, counseling, supervision or disciplining officers in order to minimize and prevent such incidents.

41.  Upon information and belief the MBTA Transit Police had a custom and practice of condoning code of silence among officers by which it was understood that an officer witnessing misconduct by another officer(s) would not report it notwithstanding a duty to do so.

42.  Upon information and belief, the MBTA Transit Police had a custom and practice of making it difficult for citizens to file complaints about the conduct of MBTA Transit Police officers and of failing to investigate and discipline officers for the use of excessive force.

43.  Upon information and belief, the MBTA Transit Police and its Chief failed to monitor the use of force by failing to require officers to explain in writing injuries to people arrested.

44.  Upon information and belief, MBTA Transit Police officers routinely submitted injured prisoner reports that contained incomplete information that underreported the use of force, the circumstances that necessitated force and the nature of an arrestee's injuries.

45.  Because officers knew nothing would happen to them in the event of a misconduct complaint, and because they knew that the filing of false reports, use of force reports or incomplete prisoner injury reports incurred no consequence, they had no concern that the use of excessive force would lead action against them.

46.  By their actions, the defendants caused Plaintiff to suffer serious physical injuries, trauma, great pain of body and mind and emotional distress.

47.  In February 2019, Plaintiff was placed on a six-month unsupervised Pre-Trial Probation without any conditions. In August 2019, all charges were dismissed without any admissions or findings of guilt.

## COUNT I
### 42 U.S.C. § 1983: Unreasonable Force
### Fisher, Abany, Hanley and Mittica

48.  Each of the foregoing paragraphs is incorporated as if fully set forth herein.

49. Defendants, while acting under color of law, used unreasonable force against Plaintiff, and thereby violated his clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the use of unreasonable force by police officers.

50. Defendants acted with reckless disregards for Plaintiffs' constitutional rights.

51. As a direct and proximate result of the foregoing, Plaintiffs suffered the injuries described above.

## COUNT II
### 42 U.S.C. § 1983
### Massachusetts Bay Transportation Authority

52. Each of the foregoing paragraphs is incorporated as if fully set forth herein.

53. The policies and customs of the MBTA Transit Police as described above were the moving force behind the violation of Plaintiff's constitutional rights by Defendants.

54. The policies and customs of the MBTA Transit Police and their failure to supervise and discipline was the moving force behind the violations of Plaintiff's constitutional rights.

55. As a direct and proximate result of the foregoing, Plaintiff suffered the injuries described above.

## COUNT III
### Assault and Battery
### Fisher, Abany, Hanley and Mittica

56. Each of the foregoing paragraphs is incorporated as if fully set forth herein.

57. Defendants committed the tort of assault and battery against Plaintiff by assaulting and battering him without legal justification, cause, excuse, or privilege.

58. As a direct and proximate result thereof, Plaintiffs suffered the injuries as described above.

## COUNT IV
### False Arrest
### Fisher, Abany, Hanley and Mittica

59. Each of the foregoing paragraphs is incorporated as if fully set forth herein.

60. Defendants arrested Plaintiff without probable cause.

5

61.   As a direct and proximate result thereof, Plaintiffs suffered the injuries as described above.

## COUNT V
### Malicious Prosecution
### Fisher, Abany, Hanley and Mittica

62.   Each of the foregoing paragraphs is incorporated as if fully set forth herein.

63.   Defendants caused criminal charges to be brought against Plaintiff for which there was no probable cause, and they maliciously and for no lawful purpose assisted, participated in and otherwise caused Plaintiff to be criminally prosecuted.

64.   The resolution of Plaintiff's criminal charges was favorable to him.

65.   As a direct and proximate result thereof, Plaintiff, lost his employment and suffered concern and worry due to the reasonable perception that his liberty, well-being and good name were at imminent and serious risk as a result of his criminal prosecution.

## COUNT VI
### Massachusetts Civil Rights Act, M.G.L. c. 12 § 11I
### Fisher, Abany, Hanley and Mittica

66.   Each of the foregoing paragraphs is incorporated as if fully set forth herein.

67.   By means of use of threats, intimidation and coercion, defendants violated the civil rights of Plaintiff under the laws of the Commonwealth of Massachusetts.

68.   As a direct and proximate result thereof, Plaintiff suffered the injuries as described herein.

## COUNT VII
### Intentional Infliction of Emotional Distress
### Fisher, Abany, Hanley and Mittica

69.   Each of the foregoing paragraphs is incorporated as if fully set forth herein.

70.   By their actions, Defendants subjected Plaintiff to reprehensible conduct beneath any standard of human decency knowingly, intentionally, willfully, purposely, maliciously and with such reckless disregard of the consequences as to display a conscious indifference to, and an intention to inflict, harm and injury.

71.   The conduct of defendants constituted intentional infliction of emotional distress.

72.   As a direct result of the intentional conduct of the defendants in this count, Plaintiff suffered severe emotional distress and great pain of body and mind.

## DEMANDS FOR RELIEF

Plaintiff hereby respectfully requests the following relief:

1.      All compensatory damages recoverable;

2.      Injunctive relief;

3.      All punitive damages recoverable;

4.      All attorney's fees, costs and expenses allowable;

5.      Any and all other relief as the Court deems just and proper.

## PLAINTIFFS DEMANDS A JURY TRIAL AS TO ALL COUNTS IN THE COMPLAINT

Respectfully submitted,
The Plaintiff
By his Attorney,

Richard M. Welsh, Jr., Esq., BBO # 552732
**Law Office of Howard M. Kahalas, P.C.**
6 Beacon Street, Suite 1020
Boston, MA 02108
(617) 523-1155
rwelsh@kahalaslaw.com

Dated:  June 28, 2020

7